# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

JASON ROLLINS AND ERIC POWELL          PLAINTIFF

V.          Civil No. 1:18-cv-198-GHD-DAS

EDWARD FITTS AND E & J TOURS, LLC          DEFENDANT

---

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

---

Plaintiffs Jason Rollins and Eric Powell filed this negligence action on November 7, 2018, asserting federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Federal jurisdiction under § 1332 exists when there is (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by § 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotations marks omitted). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.*

Plaintiffs' original complaint failed to allege the citizenship of the individual defendant Edward Fitts. The complaint also failed to allege the citizenship of each member of defendant E & J, LLC. *See Harvey*, 542 F.3d at 1079-1080 ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."). Thus, the complaint did not sufficiently allege diversity jurisdiction.

Because the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), the Court ordered Plaintiffs to (1) identify the citizenship of Fitts and the members of E & J Tours, LLC and (2) move to amend their complaint to adequately allege diversity jurisdiction. Plaintiffs filed a response identifying Fitts as being a citizen of Alabama and identifying E & J Tours as being organized by Fitts and E. Vaughn McWilliams, both citizens of Alabama. Plaintiffs also moved for leave to file an amended complaint.

Plaintiffs' response and proposed amended complaint are not sufficient to address the deficiencies of the original complaint's jurisdictional allegations. First, while Plaintiffs' response identifies that E & J Tours was organized by two citizens of Alabama, it does not identify the members of the LLC, who may be distinct from the organizers. The response does not affirmatively state that Fitts and McWilliams are the only members of E & J Tours, LLC. The Court is left to wonder whether additional members exist.

More importantly, the proposed amended complaint does not correct the problem with the jurisdictional statement found in the original complaint. The proposed amended complaint only alleges that E & J Tours is organized and licensed to do business in Alabama with its principle place of business in Alabama. *See* Prop. First Am. Comp. at ¶ 4 [Doc. 4-1]. An LLC's state of organization and principal place of business do not determine citizenship for jurisdictional purposes. Only allegations of the citizenship of its members suffice. *See Harvey*, 452 F.3d at 1080. Thus, the first amended complaint still fails to allege the citizenship of E & J Tours.

Plaintiffs have failed to comply with the Court's order, and this Court is not satisfied that diversity jurisdiction exists in this case. Accordingly, Plaintiffs' motion to amend their complaint is DENIED, and this case is DISMISSED for lack of subject matter jurisdiction, without prejudice

to Plaintiffs' ability to refile and adequately allege diversity of citizenship among Plaintiffs and Defendants.

SO ORDERED, this the 10 day of December, 2018.

_____
SENIOR U.S. DISTRICT JUDGE