IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JASON ROLLINS and ERIC POWELL                    PLAINTIFF

V.                                          Civil No. 1:18-cv-198-GHD-DAS

EDWARD FITTS and E & J TOURS, LLC                    DEFENDANT

## MEMORANDUM OPINION

Now before this Court is Plaintiffs' Jason Rollins and Eric Powell's motion for reconsideration [6]. Plaintiffs, both Mississippi citizens, filed a common-law negligence action, premising federal jurisdiction on diversity of citizenship under 28 U.S.C § 1332. Plaintiffs' original complaint, however, failed to adequately allege the citizenship of defendants Edward Fitts and E & J Tours, LLC. *See* Compl. [1] ¶ 4.

The Court issued a show cause order, informing Plaintiffs of the deficiencies in the jurisdictional statements of the complaint. The Court directed Plaintiffs to move to amend their complaint to adequately allege the citizenship of the defendants. Plaintiffs did move to amend their complaint, and in their proposed amended complaint, they did allege that Fitts was a citizen of Alabama. But the proposed amended complaint did not address the Court's concerns with E & J Tours. It alleged only that E & J Tours was organized and licensed in Alabama with its principal place of business in Alabama. Prop. Am. Compl. [4-1] ¶ 4. "[T]he citizenship of a LLC is determined by the citizenship of all of its members.". *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Thus, proposed amended complaint still failed to allege the citizenship of E&J Tours. Since "citizenship must be distinctly and affirmatively alleged" when jurisdiction depends on citizenship, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cri. 1988) (internal quotation marks omitted), the Court denied to motion to amend and dismissed the case for lack of subject-matter jurisdiction.

1

Plaintiffs now ask this Court to reconsider that order. They point out that they have attempted to ascertain the members of E & J Tours as best they can, and that based on the information available to them at this stage, it appears that no member of E & J Tours is a citizen of Mississippi. *See* Al. Sec. of State Bus. Entity Search, Mot. for Reconsideration, Ex. A [6-1]; E & J Tours Certificate of Formation, Mot. for Reconsideration, Ex. B [6-2]. They ask the Court to set aside the order dismissing this case, and permit them to file the proposed amended complaint.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within 28 days of the Court's order, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. *See* Fed. R. Civ. P. 59. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479, (citing *Simon v. U.S.*, 81 F.2d 1154, 1159 (5th Cir. 1990)).

The Court understands Plaintiffs' plight. The membership of an LLC is not often publicly available information. There are thus limited means by which one can ascertain that there are no non-diverse defendants before filing a suit and being entitled to discovery. Some courts, recognizing this problem, have permitted plaintiffs to allege the membership of LLC's upon information and belief. The Ninth Circuit has stated that when jurisdictional information rests within a defendants' control it is permissible for a Plaintiff to initially "allege simply that the defendants were diverse to it," and "to plead its allegations on the basis of information and belief. *Carolina Cas. Ins. Co. v. Tamp Equip., Inc.*, 741 F.3d 1082,

1087 (9th Cir. 2015). Similarly, the Third Circuit has held that a party may make jurisdictional allegations of citizen based on information and belief if it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities membership status. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3rd. Cir. 2015).

The Fifth Circuit has yet to expressly state that a plaintiff may or may not plead the citizenship of an LLC's membership on information and belief. But the Court is persuaded that they would hold a plaintiff may do so. In one unpublished opinion, the Fifth Circuit approved removal where a defendant made "unrebutted allegations of citizenship in a removal petition based on information and belief . . . ." *See Volentine v. Bechtel, Inc.* 209 F.3d 719, 2000 WL 284022, at * 2 (5th Cir. 2000). Since removal jurisdiction exists only where original jurisdiction exists, 28 U.S.C. § 1441(a), it would follow that citizenship allegations based on information and belief would be sufficient to plead jurisdiction in original complaints. Further, the Fifth Circuit has cited the Third Circuit's decision in *Lincoln* favorably, highlighting "the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (citing *Lincoln*, 800 F.3d at 107 n.31).[1] The Court is thus convinced that when a plaintiff has consulted all publicly available sources and determined that no member of the association is likely a

---

[1] Nonetheless, at least one court within this circuit has repeatedly prohibited plaintiffs from alleging citizenship of defendants, including LLCs, based upon information and belief. *See, e.g., Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017); *Sanchez v. Aburto*, No. 3:18-CV-2460-L, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018); *see also Coastal Indus. LLC v. Arkel Constructors, LLC*, No. CV 16-480-JJB-EWD, 2016 WL 7743044, at *3, n. 18 (M.D. La. Dec. 2, 2016), *report and recommendation adopted,* No. CV 16-480-JJB-EWD, 2017 WL 125029 (M.D. La. Jan. 12, 2017) (when considering an amended notice of removal, the court noted that initial notice of removal's citizenship allegations made on information and belief "failed to properly allege citizenship").

citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief. *See Med. Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly plead diversity of citizenship by stating "on information and belief" that defendants were citizens of particular state).

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Thus, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incur-able . . . ." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Plaintiffs have presented sufficient evidence that they have conducted a reasonable query into the publicly available sources that would contain E & J Tour's membership information. See *Lincoln*, 800 at 108. The Court holds today that Plaintiffs may affirmatively plead the citizenship of E & J Tour's members by information and belief. Thus, the Court finds that the defects of their complaint are curable, and Plaintiffs should be given one more chance to plead jurisdiction.

Plaintiffs may not, however, file the proposed amended complaint. As discussed in the Court's prior order and in this opinion today, the proposed amended complaint's jurisdictional allegations, which allege only E & J Tours state of organization and principle place of business, fail to allege the citizenship of E & J Tours at all. Filing that pro-posed amended complaint would thus fail to cure the problems of the original complaint.

Accordingly, Plaintiffs' motion for reconsideration is granted insofar as they seek to reopen this case. The Court's prior order dismissing this case is vacated and this case is reopened. Within 14 days of entry of this opinion and accompanying order, Plaintiffs shall file an amended complaint (but not the one attached to their motion to amend) that fixes the jurisdictional defects in their original complaint in a manner consistent with this opinion.

An order in accordance with this opinion shall issue.

This the 7th day of January, 2019.

_____
SENIOR U.S. DISTRICT JUDGE